IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| SUNTRUST MORTGAGE, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED GUARANTY CORPORATION, *et al.*, <br><br> Defendants. | Civil Action No. 3:09cv00529 |

**DEFENDANTS UNITED GUARANTY RESIDENTIAL
INSURANCE COMPANY OF NORTH CAROLINA'S AND
UNITED GUARANTY CORPORATION'S ANSWER**

Defendants United Guaranty Residential Insurance Company of North Carolina ("United Guaranty") and United Guaranty Corporation ("UGC") hereby submit their Answer to all claims in plaintiff's complaint (the "Complaint") in the above-captioned action, in accordance with the Court's Scheduling Order dated September 28, 2009, and without prejudice to defendants' pending motion to dismiss. This Answer supersedes the Answer to Count I previously filed by United Guaranty. For their Answer to the Complaint, United Guaranty and UGC respond to the like-numbered paragraphs of plaintiff's Complaint as follows:

1.  The first sentence of this paragraph is denied, except to admit that SunTrust Mortgage, Inc. ("SunTrust") and United Guaranty entered into certain mortgage insurance contracts at issue here (the "Insurance Policies"). The second sentence of this paragraph is denied, except to admit that United Guaranty agreed to provide insurance coverage to SunTrust

in accordance with the terms and conditions of those Insurance Policies. The third and fourth sentences of this paragraph are denied.

2. Denied.

3. Denied, except to admit that SunTrust has filed its Complaint, the contents of which speak for themselves.

4. Admitted.

5. The first sentence of this paragraph is denied, except to admit that UGC is a North Carolina corporation with its principal place of business in North Carolina. The second sentence of this paragraph is denied, except to admit that UGC's ultimate parent company is American International Group, Inc. ("AIG"), and that UGC is the parent company of United Guaranty. The third sentence of this paragraph is denied.

6. The first sentence of this paragraph is admitted. The second sentence of this paragraph is denied, except to admit that United Guaranty's ultimate parent company is AIG.

7. United Guaranty and UGC lack sufficient information to determine the truth or falsity of the first and second sentences of this paragraph, and therefore deny the same. The third sentence of this paragraph is denied.

8. Denied.

9. This paragraph asserts conclusions of law, to which no response is required; however, to the extent that any response may be deemed necessary, this sentence is denied except to admit that SunTrust's Complaint seeks compensatory and consequential damages in an amount not less than $101,000.

10. This paragraph asserts conclusions of law, to which no response is required; however, to the extent that any response may be deemed necessary, this sentence is denied.

11. Denied, except to admit that United Guaranty is registered to do business in the Commonwealth of Virginia.

12. Denied, except to admit that SunTrust and United Guaranty entered into the Insurance Policies, including during the period from 2004 through 2008.

13. Denied, except to admit that SunTrust and United Guaranty entered into the Insurance Policies, and that the terms and conditions of the Insurance Policies included the Master Policy attached to the Complaint (the "Master Policy"), as well as a declarations page and certain endorsements amending and/or supplementing the terms and conditions set forth in the Master Policy.

14. Denied, except to admit that SunTrust and United Guaranty executed a document titled "SunTrust Mortgage Agreement Closed-End Purchase Money Seconds—Flow Business Risk Sharing Experience Rating Plan (ERP) October 17, 2005" (the "Flow Plan"), and that Exhibit B is a true and correct copy of a portion (but not all) of that document.

15-18. These paragraphs each purport to describe a portion of the contents of the Flow Plan. United Guaranty and UGC refer the Court to that document, which speaks for itself, for a full and fair determination of its contents, and otherwise deny the allegations of these paragraphs.

19. Denied, except to admit that SunTrust has paid insurance premiums to United Guaranty under the Insurance Policies between SunTrust and United Guaranty.

20. Denied, except to admit that pursuant to certain of the Insurance Policies United Guaranty agreed to insure certain "Combo 100 Loans" subject to the terms and conditions of those Insurance Policies, which included (subject to certain amendatory endorsements) the terms and conditions set forth in the Master Policy.

21. Denied, except to admit that United Guaranty has paid certain claims submitted by SunTrust with respect to Combo 100 Loans.

22. Denied, except to admit that as a result of multiple factors SunTrust experienced a significant increase in borrower defaults on mortgage loans during the past several years, and that the number of claims submitted by SunTrust to United Guaranty under the Insurance Policies has likewise increased during this time period.

23-26. Denied.

27. Denied, except to admit that pursuant to certain of the Insurance Policies United Guaranty agreed to insure certain "Non-Verification Loans" subject to the terms and conditions of those Insurance Policies, which included (subject to certain amendatory endorsements) the terms and conditions set forth in the Master Policy.

28. Denied, except to admit that the premiums paid by SunTrust to United Guaranty with respect to certain Non-Verification Loans was higher than with respect to certain other types of loans.

29. Denied, except to admit that as a result of multiple factors SunTrust experienced a significant increase in borrower defaults on mortgage loans during the past several years, and that the number of claims submitted by SunTrust to United Guaranty under the Insurance Policies has likewise increased during this time period.

30-32. Denied.

33. United Guaranty and UGC lack sufficient information to determine the truth or falsity of this paragraph, and therefore deny the same.

34-37. Denied.

38. United Guaranty and UGC incorporate herein their responses to paragraphs 1 through 37 above, as though fully set forth herein.

39-41. Denied.

42. United Guaranty and UGC incorporate herein their responses to paragraphs 1 through 41 above, as though fully set forth herein.

43-45. Denied.

46. United Guaranty and UGC incorporate herein their responses to paragraphs 1 through 45 above, as though fully set forth herein.

47-49. Denied.

50. Any allegation not previously expressly admitted is denied.

## Affirmative Defenses

1. Plaintiff SunTrust's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff SunTrust's claims are barred in whole or in part by the statute of limitations.

3. Plaintiff SunTrust's claims are barred in whole or in part by SunTrust's fraud or misrepresentation.

## Prayer for Relief

WHEREFORE, defendants United Guaranty and UGC pray for relief as follows:

A. For dismissal of the Complaint, with prejudice;

B. For an award of costs in United Guaranty's and UGC's favor; and

C. For such further relief as the Court deems just and proper.

DATED this 9th day of October, 2009.

                        Respectfully submitted,

                        ___/s/_____
                        Christyne K. Brennan
                        Virginia Bar Number 48114
                        John C. Millian (admitted pro hac vice)
                        Brian C. Baldrate (admitted pro hac vice)
                        Attorneys for Defendants United Guaranty
                        Corporation and United Guaranty Residential
                        Insurance Company of North Carolina
                        GIBSON, DUNN & CRUTCHER LLP
                        1050 Connecticut Avenue, N.W.
                        Washington, D.C.  20036
                        (202) 955-8500 (main phone)
                        (202) 530-9627 (Brennan direct fax)
                        (202) 530-9566 (Millian direct fax)
                        (202) 530-9684 (Baldrate direct fax)
                        cbrennan@gibsondunn.com
                        jmillian@gibsondunn.com
                        bbaldrate@gibsondunn.com

                        Wyatt B. Durrette, Jr.
                        Virginia Bar Number 04719
                        Attorney for Defendants United Guaranty
                        Corporation and United Guaranty Residential
                        Insurance Company of North Carolina
                        DURRETTE BRADSHAW PLC
                        600 East Main Street, 20th Floor
                        Richmond, Virginia 23219
                        (804) 775-6900 (phone)
                        (804) 775-6911 (fax)
                        wdurrette@durrettebradshaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of October, 2009, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>S. Miles Dumville
>Curtis G. Manchester
>Travis Aaron Sabalewski
>Reed Smith LLP
>Riverfront Plaza – West Tower
>901 East Byrd Street, Suite 1700
>Richmond, VA  23219-4068
>
>Joshua Gold
>Anderson Kill & Olick
>1251 Avenue of the Americas
>New York, NY 10020
>
>*Counsel for Plaintiff*

>	/s/
>Christyne K. Brennan
>Virginia Bar Number 48114
>Attorney for Defendants United Guaranty
>Corporation and United Guaranty Residential
>Insurance Company of North Carolina
>GIBSON, DUNN & CRUTCHER LLP
>1050 Connecticut Avenue, N.W.
>Washington, D.C.  20036
>Phone: (202) 955-8685
>Fax: (202) 530-9627
>cbrennan@gibsondunn.com