UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

SUNTRUST MORTGAGE, INC.,

       Plaintiff,

v.                                Civil Action No. 3:09cv00529

AIG UNITED GUARANTY CORPORATION
a/k/a UNITED GUARANTY CORPORATION, et al.,

       Defendants.

### SUNTRUST MORTGAGE, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO OVERRULE OBJECTIONS AND TO COMPEL RESPONSES TO SUNTRUST MORTGAGE, INC.'S FIRST SET OF INTERROGATORIES AND FIRST SET OF REQUESTS FOR PRODUCTION TO UGRICNC

COMES NOW SunTrust Mortgage Inc. ("SunTrust"), by counsel, and submits the following memorandum in support of its Motion to Overrule Objections and to Compel Responses from United Guaranty Residential Insurance Company of North Carolina ("UGRICNC" or "Defendant")) to supplement its deficient responses to SunTrust's First Set of Interrogatories and First Set of Requests for Production of Documents (the "Discovery Requests").

### INTRODUCTION

SunTrust's lawsuit was necessitated by UGRICNC's wrongful and systematic denial of insurance claims on certain defaulted second lien mortgage loans.  SunTrust's present Motion to Compel is necessitated by UGRICNC's wrongful and systematic failure to comply with discovery obligations, despite extensive good faith efforts for a resolution of the matters raised herein without Court involvement – including over two hours of telephonic discussions between counsel.

UGRICNC impermissibly stands on purely general objections that provided no insight into what it may withhold or the basis for withholding anything, though the Federal and Local Rules do not permit this approach.  Moreover, even now – more than four weeks after the date on which production was due – UGRICNC has only produced a small number of hard copy documents and no electronically stored information ("ESI").  More troubling is the fact that despite having been served with the lawsuit in July and the document requests on October 12, UGRICNC remains unable or unwilling to state when it will produce additional documents and complete its production obligations.  Respecting Interrogatories, UGRICNC continues in part to improperly stand on general objections.  Though it agreed to supplement some responses by December 21, it improperly has failed to agree to supplement others.

For these reasons discussed in greater detail below, SunTrust seeks entry of an Order:  (1) overruling UGRICNC's purely general objections (other than privilege) as to the Discovery Requests; (2) requiring UGRICNC to complete its production obligations within ten days of entry of the Order; (3) requiring UGRICNC to supplement its Interrogatory responses within the same time frame to the extent not already done; and (4) awarding to SunTrust the costs and reasonable attorneys' fees incurred for this Motion.

## RELEVANT BACKGROUND

1.      Following UGRICNC's abrupt disengagement after months of negotiations with SunTrust to resolve the Combo 100 claims asserted herein, SunTrust commenced this lawsuit on July 11, 2009, in the Circuit Court for the City of Richmond, Virginia.  UGRICNC removed this action to this Court on August 24, 2009.

2.      On October 12, 2009, SunTrust propounded the subject Discovery Requests to UGRICNC.  See Exhibit A (Requests for Production) and Exhibit B (Interrogatories).

UGRICNC did not request or obtain an extension of time to serve objections or responses and no extension was given.

3.      On October 27, 2009, UGRICNC served its objections to the Requests for Production of Documents ("RFP(s)").  <u>See</u> <u>Exhibit C</u>.[1]  UGRICNC  asserts ten "General Objections" and, for each of the 177 specific requests for documents, UGRICNC  cut and pasted some form of the following non-specific objection:

> "<u>See</u> General Objections, above.  United Guaranty further objects to this Request on the grounds that it is vague, overbroad, unreasonably burdensome, seeks information irrelevant to the above-captioned case, and is not reasonably calculated to lead to the discovery of admissible evidence."

<u>See</u> <u>e.g.</u> <u>Exhibit C</u>, Objection No. 31.

4.      UGRICNC stated no specific basis for any objection to any of the RFPs.  Instead, UGRICNC merely varied its general objections, occasionally and without explanation adding the word "vague" or omitting "unreasonably burdensome".  <u>Id.</u>, Nos. 10 & 20.

5.      On October 27, 2009, UGRICNC also served objections to Plaintiff's Interrogatories.  <u>See</u> <u>Exhibit D</u>.  UGRICNC asserted twelve general objections, and for each interrogatory UGRICNC, again, either stood on its general objections, or cut and pasted some form of the following:

> "<u>See</u> General Objections, above.  United Guaranty further objects to this Request on the grounds that the Request is vague, overbroad, unreasonably burdensome, and not reasonably calculated to lead to the discovery of admissible evidence."

<u>Exhibit D</u>, Obj. to Interrogs. Nos. 1 – 8.

---

[1]   UGRICNC subsequently served responses (but no documents) on November 12, 2009 which re-stated its objections, so only the November 12, 2009 document is attached.

6.     On November 12, UGRICNC served "Responses" to the Discovery Requests (the "Responses").  See Exhibits C & D.  The Responses restated the same merely general objections and indicate that Responses such are made only "subject to UGRICNC's objections."  See e.g. Exhibit C, No 4.  No documents were provided with the Responses, or any privilege log, and the responses to plaintiff's interrogatories were evasive and incomplete.

7.     By a letter dated November 25, 2009, a copy of which is attached as Exhibit E, SunTrust provided a copy of this Court's opinion in Cappetta v. GC Services Limited Partnership, 2008 WL 5377934 (E.D. Va. December 24, 2008), which discussed the impropriety of reliance on UGRICNC's general objections and requested that UGRICNC withdraw these objections as to all the Discovery Requests.  The letter further requested prompt production of all responsive documents, supplementation of certain Interrogatory responses, and an opportunity to meet and confer.  See Exhibit E, 11/25/09 letter.

8.     Counsel for the parties conducted meet and confer telephone conferences on December 2 and 4, 2009 (the "Meet and Confer"), for a total of over two hours of discussion. UGRICNC refused to withdraw its general objections and was unable to provide any date when it would begin, much less finish, producing the electronically stored documents that it agrees it will produce.

9.     The Court entered a Joint Stipulation and Protective Order, so confidentiality can be preserved.

10.    The only responses received by SunTrust since the Meet and Confer are three boxes of hard copy documents, for which no description was provided and appear primarily to consist of portions of certain loan claim files.  Additionally, SunTrust received an unsolicited 36 page letter from UGRICNC dated December 7, 2009, attached hereto as Exhibit F (the "Late

Objections Letter"), that seeks to amend the UGRICNC's general objections to some of the RFPs under the guise of being "further explanation."  No authority permitting the attempted amendment is provided, though SunTrust had prospectively requested such authority in the November 25, 2009 letter (Exhibit E, p. 1) and again in the Meet and Confer.

11.     To date, no electronic documents have been produced and UGRICNC remains unable or unwilling to advise when it will produce any ESI or when it will complete the production.  Further, though UGRICNC has indicated many more hard copy boxes of documents exist, no further hard copy document production has been made.

<div align="center">**ARGUMENT**</div>

**I.      UGRICNC's Purely General Objections To Plaintiff's Discovery Requests Should Be Overruled.**

All UGRICNC's objections to the RFPs and many of its objections to the Interrogatories are entirely general and completely lacking in any specificity.  See Exhibit C.  Despite requests by SunTrust in its letter of November 25, 2009, and in the meet and confer, UGRICNC has refused to withdraw these general objections.

Federal Rule of Civil Procedure 33(b)(4) requires that the grounds for any objection to an interrogatory must be "stated with specificity.  Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."  Fed. R. Civ.P. 33(b)(4); see also Cappetta v. GC Services Limited Partnership  2008 WL 5377934 (E.D. Va., December 24, 2006) (attached as part of Exhibit E).  Similarly, an objection to a request for production of documents must be specifically stated.  Fed. R. Civ. P. 34(b)(c)(2).  See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles, 894 F.2d 1482, 1485 (5th cir. 1990) ("there is no reason to distinguish the standards governing responses to production requests because both Rules 33 and 34 require that the objections be stated with specificity.")  Accordingly, as set forth below, this Court should

overrule UGRICNC 's non-specific objections to both Plaintiff's interrogatories and Plaintiff's requests for production of documents.  The additional untimely objections raised for the first time in the Late Objections Letter should not be considered.

> **A.      UGRICNC 's Objections To SunTrust's Specific Document Requests Should be Overruled.**

UGRICNC 's original objections characterize nearly every one SunTrust's document requests as overly broad, vague, unduly burdensome, irrelevant, and/or not-reasonably calculated to lead to the discovery of admissible evidence.  See e.g. Exhibit C Objections 5 – 96, 101-151, 170-176.  None of these objections contains any specificity or factual basis for these boilerplate objections.  For Requests Nos. 2, 3, 97 – 100, 152- 169, UGRICNC relies on only its General Objections, makes no additional objections and states no specific factual basis for the general objections.

"Merely characterizing a discovery request as "overly broad, burdensome, oppressive and irrelevant" will not satisfy the opposing party's burden of showing with specificity why a request is objectionable. Cappetta 2008 WL 5377934 (E.D.Va.) (citing Momah v. Albert Einstein Med. Ctr., 164 F.R.D. 412, 417 (E.D. Pa. 1996)).  UGRICNC indiscriminately claims the requests are overly broad and/or vague without explaining how or why.  The claim of undue burden is asserted only through the statements of counsel for UGRICNC and there has been no evidence provided describing the burden.  Cappetta, 2008 WL 5377934 (E.D.Va.), citing Roseberg v. John-Manville Corp., 85 F.R.D 292, at 296-97 (E.D.Pa. 1980).  In each of the numbered requests above, UGRICNC has asserted two or more of these non-specific objections, and based on the foregoing authority, the Court should overrule these objections and order UGRICNC  to fully respond to the requests.

UGRICNC compounds its insufficient general objections by further objecting to nearly all of Plaintiff's requests as being "irrelevant … and not reasonably calculated to lead to the discovery of admissible evidence." Exhibit C, e.g. 5 – 96, 101-151.  Relevance objections have virtually no place in objections under the Federal Rules.  While Rule 26 provides that a party may obtain discovery of non-privileged information that is "relevant to any party's claim or defense" (see Fed. R. Civ. P. 26(b)(1)), "[r]elevance is construed broadly to include any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Cappetta , p. 3 (internal citations omitted.)  For a relevance objection to be sufficient, it must be "plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable." Id. (internal citations omitted).  UGRICNC  bears the burden to show "specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant." Id. (citing Roseberg v. John-Manville Corp, 85 F.R.D. 292, 296 (E.D. Pa. 1980)).

UGRICNC has made no attempt to meet its burden of showing the requests are not relevant.  For example, UGRICNC asserts its relevance and 'not reasonably calculated' objection to requests seeking documents relating to the underwriting of the Master Policy and the subsidiary policies, and copies of the underwriting procedures, and any claims handling manual.  See Exhibit C., Req. Nos. 5 – 16.  The relevance of such documents in an insurance coverage case is self-evident and UGRICNC 's objections on the grounds of relevance should be overruled.

UGRICNC likewise asserts relevance objections to a series of requests seeking copies of all communications, files, and written statements concerning named loan recipients whose loans are included in SunTrust's claims.  See Exhibit C, Requests Nos. 110 – 148.  The relevance of

such requests is obvious. There is no factual basis offered (and none is conceivable) for UGRICNC 's relevance objections to Plaintiff's requests for fundamental insurance and claims documents in this case, and the Court should overrule the objections and order UGRICNC to produce <u>all</u> responsive documents within ten days of an Order.

B.     **UGRICNC 's Objections To SunTrust's Interrogatories Should Be Overruled.**

SunTrust propounded 12 interrogatories seeking facts and information related to the policies issued to SunTrust by UGRICNC, the underwriting for these policies, the factual bases for the denial of coverage and the bases for UGRICNC 's affirmative defenses. <u>See</u> <u>Exhibit D</u>. UGRICNC responded to the interrogatories with boilerplate, non-specific objections that the request is "vague, overbroad, unreasonably burdensome, and not reasonably calculated to lead to the discovery of admissible evidence." <u>See</u> <u>Exhibit D</u>, Nos. 1 – 8. In response to other Interrogatories, UGRICNC merely asserted its General Objections. <u>Id</u>. No. 9 – 11. UGRICNC's General Objections are unaccompanied by any factual basis and, therefore, are insufficient as a matter of law and should be overruled. <u>See</u> Fed. R. Civ. P. 33(b)(1); <u>see</u> <u>also</u> <u>Cappetta</u>.

Even after being presented with a copy of this Court's opinion in <u>Cappetta</u>, UGRICNC refused to withdraw any of these objections, and instead attempted to make additional objections in their Late Objections Letter without citing any basis for the amendment and without permission of the Court or otherwise. <u>See</u> <u>Exhibit F</u>, pp. 32 – 36. For the reasons and authorities set forth in Sec. I-A above, all of UGRICNC 's non-specific and untimely objections must be overruled consistent with the applicable rules of discovery.

II.     **UGRICNC Should Be Ordered To Produce Responsive Documents And Supplement The Interrogatories Within Ten Days.**

The purpose of discovery "is to make trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the false practical extent." <u>United States v. Procter & Gamble Co</u>., 356 U.S. 677, 682 (1958) (citing <u>Hickman v. Taylor</u>, 329 U.S. 495, 501 (1947)).  The UGRICNC has thwarted this purpose by failing to timely produce responsive documents and failing to fully answer Plaintiff's interrogatories.

**A.      UGRICNC Must Fully Respond to the RFPs.**

> **1.      The Timely Objections being Insufficient because Entirely General and UGRICNC being Delinquent in Producing Documents, the Court should Compel Production.**

At the time that objections were due to the RFPs, UGRICNC made only general objections, which should be overruled, as discussed above.  UGRICNC is delinquent in producing all responsive documents – none having been produced.

Accordingly, the Court should enter an order compelling production of all non-privileged responsive documents within ten days and five days later a privilege log in accord with the Joint Stipulation entered herein.

> **2.      The Untimely Objections are otherwise improper.**

Not only should the Court disregard the objections in the Late Objections Letter because they were not timely and no leave of court or other authority has been cited for permitting them, but also because such objections are otherwise improper in the letter.

UGRICNC's primary late objection in the letter is that,  "[T]his request is vague, because SunTrust has failed to identify the applicable insurance policy or policies under which SunTrust asserts its claims against United Guaranty in this litigation, even as recently as in its Amended Complaint."  Exhibit F.   UGRICNC asserts this objection for the first time on December 7, 2009, notwithstanding its acknowledgement that on November 20, 2009, SunTrust provided a

list of loan numbers and the corresponding certificate of insurance numbers for each denied

claim at issue through June 30, 2009.  See Exhibit G, letter of 11/20/09.   Indeed, in the Meet and

Confer UGRICNC acknowledged that this information enables it easily obtain the policy number

at issue, as surely is the case.  However, this late objection is even more disingenuous than it at

first appears because the loans were certainly known to UGRICNC when it engaged in months of

pre-litigation discussions to avoid the instant action.  Moreover, UGRICNC did not object on this

basis at the time objections were due or even request the loan number and certificate of insurance

number information before SunTrust voluntarily provided it.

UGRICNC also attempts to limit its production obligations with the late objection that it

is not obligated to produce documents unrelated to the particular loans so far identified by

SunTrust as being dispute.  UGRICNC's objection on this ground should be rejected not only

because it is untimely, but because documents relating to other Combo 100 loans and other

second lien mortgage types are within the scope of discovery.  Additionally, SunTrust continues

to receive wrongful denials of claims from UGRICNC and will provide an amended list of loan

and certificate numbers for claims denied in the six months since June 30, 2009, as well as

disclosure of an amended damages calculation based on these additional denials.  Moreover,

SunTrust has identified specific loan numbers for Combo 100 loans for which desktop

underwriter was not used, but UGRICNC paid the claims.  Thus, for all these reasons,

UGRICNC should not be permitted to limit its production to documents relating only to the

Combo/100 second lien loans specifically identified in the November 20 letter as being the basis

of the claim.

UGRICNC also belatedly seeks to limit its entire production obligations to what it calls

"certain reasonably identifiable non-privileged responsive documents."  See Exhibit F, 12/7/09

letter, p. 2, e.g. Req. Nos. 5.  This self-imposed limitation is contrary to the requirements of Rule 26 which requires Defendant to produce all responsive, non-privileged documents.  Fed. R. Civ. P. 26(b)(1).

Finally, UGRICNC repeatedly and belatedly objects in the December 7 letter as being irrelevant – a generally improper discovery objection as discussed above – to requests for documents that are not related to, "(a) the insurance policies … under which SunTrust asserts claims …; (b) SunTrust claims that are not in dispute … ; (c) SunTrust loans that are not in dispute…"  Aside from being untimely, this objection is improper to the extent UGRICNC seeks to avoid producing documents related to any claims under the Policy that were denied or are denied in the future, or that relate to Combo 100 second lien loans after interest only first liens, even though Desktop Underwriter was not utilized.  In some instances, such documents may relate only to a particular loan product line that is at issue and not to an individual loan.

In short, the Late Objections Letter states no proper excuse for UGRICNC's continuing delinquency or for other limitation on a full and complete production of all responsive documents.  Accordingly, the Court should enter an order compelling production of all non-privileged responsive documents within ten days and five days later a privilege log in accord with the Joint Stipulation and Protective Order entered herein.

> **B.    UGRICNC Should Be Ordered To Supplement Its Answer To SunTrust's Interrogatories Based Upon the Information Presently In UGRICNC 's Possession.**

The overarching defect in UGRICNC's Responses to SunTrust's Interrogatories requests is its failure to provide any information or to attribute the information it does have to documents or to properly identify each person with knowledge.  See Exhibit E, pp. 2-4.  Without this

information, Plaintiff cannot properly notice or prepare for depositions.[2]  Plaintiff is entitled to

the information sought in each interrogatory, and to have the specific information in each

Answer attributed to the person(s) with personal knowledge, and to have such persons properly

identified.  UGRICNC should have responded to Plaintiff's interrogatories to the best of its

ability at the time they were propounded and followed the Instructions as directed to provide the

requested information.  Further, UGRICNC 's Responses to SunTrust are inadequate because

they fail to illuminate UGRICNC 's positions on any of the factual questions addressed in the

Interrogatories or to provide the required factual support for their various affirmative defenses.

> 1.  **UGRICNC  Must Fully Respond to <u>All</u> Interrogatories Related To The Policies, Underwriting And the Claims at Issue (Interrogatories 3- 9)**

UGRICNC has all information necessary to fully answer Plaintiff's Interrogatories

concerning the applicable policies and underwriting but has refused to do so.  UGRICNC's

answers to Plaintiff's Interrogatories served November 12, 2009 (Exhibit D) are largely

unresponsive and altogether incomplete.  UGRICNC's excuse for not identifying <u>any</u> of the

policy(ies) or underwriting files and information is that "SunTrust has failed to identify which

specific policy or policies are in dispute in this action, and therefore Untied Guaranty is unable to

fully provide this information." <u>Id</u>, e.g. Answers Nos. 3 – 5.  However UGRICNC's excuse not

credible given that it engaged in months of settlement negotiations before the lawsuit was filed

and its acknowledgment that it received a list of the loan and certificate of insurance numbers for

claims denied through June 30, 2009 and at issue in this lawsuit.  UGRICNC has agreed in the

December 7, 2009 letter to supplement its response by December 21.  In the event that it fails to

---

[2] Defendant's Rule 26 disclosures were similarly deficient and the evasiveness continues.

do so, SunTrust seeks an Order compelling UGRICNC to provide full and complete responses to the Interrogatories.

Accordingly, UGRICNC knows where the information is located to identify the applicable policy for a given claim and the applicable underwriting file, but simply refuses to produce it.

> **2.      UGRICNC  Must Provide The Information As Instructed When Identifying Persons With Knowledge (Interrogatories Nos. 1 – 11).**

Plaintiff's instructions accompanying the interrogatories make clear that when identifying a "Person" in its responses, UGRICNC must provide not only the person's name, but also to provide "the present or last known place of employment, employer, current position, and position held during the relevant time period." See  Exhibit B, p, 2, Instruction No. 7.  Plaintiff's interrogatories request UGRICNC to identify each person with knowledge of and/or involved in the underwriting, claims handling, etc. and describe what each person did.  Plaintiff's request is not without purpose. Upon information and belief, certain of the underwriters were employed by entities other than UGRICNC during the relevant time period, and SunTrust is entitled to discovery of this information as it applies to the persons involved in these particular policies and claims.  UGRICNC 's response in each instance where Plaintiff requested the identity of "Persons" with knowledge is to simply provide the person's name, and occasionally their title. See Exhibit D, Answer Nos. 1-5.  In response to other Interrogatories, UGRICNC  ignores the instructions and identifies no one with knowledge.  Id. Nos. 8-10.  The Court should end this hide-and-seek by the Defendant.

SunTrust is entitled to responsive and complete answers to its interrogatories. UGRICNC acknowledges this in part in the December 7, 2009 letter and indicates an intent to supplement its responses by December 21, but still does not agree to identify all the employers

involved.  Accordingly, SunTrust requests that the Court Order full UGRICNC to provide full and complete responses within ten days of entry of the Order.

> **3.      The Factual Bases For UGRICNC 's Affirmative Defenses Must Be Provided (Interrogatory No. 11).**

Plaintiff requested UGRICNC to "state in detail the factual basis for each affirmative defense" asserted in this lawsuit.  Exhibit D, No. 11.  UGRICNC asserts only its General Objections and no other. Id.  Plaintiff's Answer to this Interrogatory is unresponsive and fails to specifically address any of their affirmative defenses and instead simply restates the defenses in conclusory fashion. Id. ("SunTrust failed to live up to these representations and made several misrepresentations either through negligence or fraud.")  None of the purported misrepresentations or fraudulent statements are identified with the required particularity.

UGRICNC attempt to supplement its response in its December 7, 2009 correspondence provides no detail as to SunTrust alleged misrepresentations.  Rather, UGRICNC seeks to supplement its objections to Interrogatory No. 11 by identifying it as a contention interrogatory. Exhibit F, 12/7/09 letter p. 35, No. 11.  This untimely objection is also improper.  The Rule makes clear that contention interrogatories are proper and used "routinely." Fed. R. Civ. P. 33 advisory committee notes (2007).[3]

None of the remaining affirmative defenses are addressed in either of UGRICNC 's responses except for the statute of limitations defense, which is likewise deficient because it states no dates or specific facts to support this defense.  UGRICNC should be compelled to

---

[3]  Indeed, the 1970 Advisory Committee Notes for subsection b of Rule 33 (now subsection c) provides that "[a]s to requests for opinions or contentions that call for the application of law to fact, they can be most useful in narrowing and sharpening the issues, which is a major purpose of discovery. Fed. R. Civ. P. 33, 1970 cmt. b; see also Nestle Foods Corp. v. Aetna Cas. and Sur. Co., 135 F.R.D. 101, 111 (D.N.J. 1990) (stating that the objective of contention interrogatories is to "ferret out and narrow the issues").

supplement this response with facts sufficient to support these purported defenses.  Although

additional information might come up through the course of litigation which would require a

supplement to interrogatory answers, UGRICNC must have some information at this time that

would support the various affirmative defenses alleged in its pleadings -- failing which they need

to be withdrawn.  See In re Asbestos School Litigation, 1989 WL 30674, 1 (E.D.Pa. 1989) ("In

any event, [the UGRICNC ] must answer to the full extent of their present knowledge and

seasonally amend the answers with supplemental answers if the initial answers prove to be

incomplete.")

<div align="center">CONCLUSION</div>

WHEREFORE, Plaintiff SunTrust prays for an Order overruling UGRICNC 's non-

specific objections to both the Requests for Production and Interrogatories propounded by

SunTrust, compelling UGRICNC  to respond fully to Plaintiff's Discovery Requests, awarding

its costs incurred, and providing such other relief as the Court deems appropriate.

Respectfully submitted,

SUNTRUST MORTGAGE, INC.

By Counsel

/s/ Travis A. Sabalewski
S. Miles Dumville (VSB No. 15748)
Curtis G. Manchester (VSB No. 32696)
Travis A. Sabalewski (VSB No. 47368)
Reed Smith LLP
Riverfront Plaza - West Tower
901 East Byrd Street, Suite 1700
Richmond, VA 23219-4068
Telephone:  (804) 344-3400
Facsimile:  (804) 344-3410
mdumville@reedsmith.com
cmanchester@reedsmith.com
tsabalewski@reedsmith.com
        Counsel for SunTrust Mortgage, Inc.

Joshua Gold
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 278-1000
Facsimile:  (212) 278-1733
jgold@andersonkill.com
        Of Counsel for SunTrust Mortgage, Inc.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 18th day of December, 2009 a true and correct copy of the

foregoing was served via hand delivery on:

<div style="margin-left:45%">

Wyatt B. Durrette, Jr., Esquire
Durrette Bradshaw PLC
600 East Main Street, 20th Floor
Richmond, VA 23219
wdurrette@durrettebradshaw.com

</div>

and via ECF on:

<div style="margin-left:45%">

John C. Millian, Esquire
Christyne K. Brennan, Esquire
Brian C. Baldrate, Esquire
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
jmillian@gibsondunn.com
cbrennan@gibsondunn.com
bbaldrate@gibsondunn.com

</div>

Counsel for AIG United Guaranty Corporation and United Guaranty Residential
Insurance Company of North Carolina

<div style="margin-left:45%">

/s/ Travis A. Sabalewski
S. Miles Dumville (VSB No. 15748)
Curtis G. Manchester (VSB No. 32696)
Travis A. Sabalewski (VSB No. 47368)
Reed Smith LLP
Riverfront Plaza - West Tower
901 East Byrd Street, Suite 1700
Richmond, VA 23219-4068
Telephone:  (804) 344-3400
Facsimile:  (804) 344-3410
mdumville@reedsmith.com
cmanchester@reedsmith.com
tsabalewski@reedsmith.com
        Counsel for SunTrust Mortgage, Inc.

Joshua Gold
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 278-1000
Facsimile:  (212) 278-1733
jgold@andersonkill.com
        Of Counsel for SunTrust Mortgage, Inc.

</div>