IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division


SUNTRUST MORTGAGE, INC.,
    Plaintiff,

v.                                  Civil Action No. 3:09cv529


AIG UNITED GUARANTY CORP.
    aka UNITED GUARANTY CORP., et al.,
    Defendants.


### MEMORANDUM ORDER

Having considered the Defendant's MOTION FOR EMERGENCY RELIEF (Docket No. 52) and for the reasons set forth on the record during the December 29, 2009 conference, it is hereby ORDERED that the motion is denied in part and granted in part as follows:

(1) counsel for the Plaintiff immediately shall remove Mary Pettitt's computer from her office so that the hard drive can be imaged, and counsel shall agree upon an entity to effectuate the imaging process at the earliest possible date;

(2) counsel shall confer about the most cost-effective, efficient, but expeditious, means to upload the imaged hard drive so that the contents thereof from January 1, 2008 until December 30, 2008 can be reviewed to

ascertain the facts surrounding the receipt of Exhibit D-1 to the MOTION FOR EMERGENCY RELIEF and the creation of Exhibits D-2 through D-6 to the motion, allowing for the exclusion therefrom of privileged information;

(3)  counsel shall report on and address the means agreed upon to achieve the objectives of paragraph (2), and shall be prepared to address any disputes regarding the same, at a status conference to be held at 1:30 PM on Friday, January 8, 2010;

(4)  counsel for the Defendant may depose Mary Pettitt, Christine Stumbo, and any person(s) employed by the Plaintiff as Mary Pettitt's supervising superiors from January 2008 until September 2008, and the Plaintiff may depose Pamela Gavin.  Any depositions taken by either party shall be limited to questions regarding the preparation, sending or receipt of Exhibit D-1 and the generation of Exhibits D-2 through D-6 to Defendant's MOTION FOR EMERGENCY RELIEF (Docket No. 52.)  The depositions shall be taken on an expedited schedule to be set at the status conference;

(5)  the Defendant may pose an interrogatory soliciting from the Plaintiff its official explanation for the existence of Exhibits D-2 through D-6 and why they differ from Exhibit D-1;

(6)    by January 21, 2010, the Plaintiff shall produce any documents, not yet produced, that relate to or mention Exhibits D-1 through D-6;

(7)    by January 7, 2010, the Defendant shall produce to the Plaintiff any documents referred to in Exhibit D-1;

(8)    SunTrust, including its officers, agents, and employees are enjoined from destroying, altering or in any way dissipating any hard copy documents, electronically stored information, or other evidence related to the issues in this litigation, including without limitation all evidence related to the February 22, 2008 email communication between the parties ("February 22 Email") or to any other email cited in the Amended Complaint;

(9)    SunTrust shall immediately take all affirmative steps necessary to preserve all hard copy documents, electronically stored information and other evidence related to the issues in this litigation, including without limitation all evidence related to the February 22 Email or to any other email cited in the Amended Complaint.

It is so ORDERED.

_____/s/_____                 /REP/
Senior United States District Judge

Richmond, Virginia
Date: December 29, 2009