UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

SUNTRUST MORTGAGE, INC.,

    Plaintiff,

v.                                                 Civil Action No. 3:09cv00529-REP

UNITED GUARANTY RESIDENTIAL INSURANCE
COMPANY OF NORTH CAROLINA, INC.,

    Defendant.

**MEMORANDUM IN SUPPORT OF
SUNTRUST MORTGAGE, INC.'S MOTION TO COMPEL
PRODUCTION OF ELECTRONICALLY STORED INFORMATION**

SunTrust Mortgage, Inc. ("SunTrust"), by counsel and in support of its Motion to Compel Production of Electronically Stored Information from Defendant United Guaranty Residential Insurance Company of North Carolina, Inc. ("United Guaranty"), states as follows:

**BACKGROUND**

During the course of discovery in this matter, SunTrust has recently learned that certain e-mails and other electronically stored information ("ESI") authored by Pamela Gavin, a material witness for United Guaranty, were not produced from Ms. Gavin's custodial files in response to SunTrust's document requests. SunTrust has also recently discovered that documents from United Guaranty's files have been either intentionally or negligently destroyed by United Guaranty and/or Ms. Gavin.

SunTrust was aware that certain e-mails sent or received by Ms. Gavin existed, even though not produced from Ms. Gavin's custodial files, in part because they were sent by Ms. Gavin to former SunTrust employee Mary Pettitt before this litigation commenced or because

they were produced from the custodial files of other United Guaranty employees; therefore, SunTrust already had several of the e-mails in its possession. The fact that the e-mails were never produced by United Guaranty from Ms. Gavin's custodial files in either native or hard copy format obviously alarmed SunTrust because it suggested these e-mails – critical to United Guaranty's "basis" for denying coverage – and perhaps many other relevant and discoverable documents, are no longer in Ms. Gavin's possession, and have been destroyed.

SunTrust's concerns were recently confirmed when it took the deposition of Ms. Gavin on August 26, 2010. At her deposition, Ms. Gavin testified that she was *never* instructed to preserve documents in connection with this insurance coverage dispute, despite the fact that Ms. Gavin knew there was a dispute over coverage for the loans at issue since at least 2007. See Deposition of Pamela Gavin ("Gavin Depo."), pp. 74-75, 92-93 (attached hereto as Exhibit 1).[1]

Ms. Gavin further testified that approximately four months worth of her e-mail for the period from November 2004 through February 2005 had been "auto-deleted" on some unspecified date. Id. at pp. 83-84, 89. This explanation is, however, questionable because a few e-mails authored by Ms. Gavin during the period for which the auto-deletion allegedly occurred were produced by United Guaranty from her custodial files and at least one highly relevant e-mail authored by Ms. Gavin after the period for which the auto-deletion supposedly occurred is missing from her custodial files. In addition, it does not appear that the ESI of other United Guaranty witnesses was lost as a result of the supposed auto-deletion protocol testified to by Ms. Gavin.

---

[1] Based on privilege logs provided by United Guaranty, it also appears that United Guaranty's counsel, Gibson, Dunn & Crutcher LLP, was advising United Guaranty about this insurance coverage dispute by no later than December 2007.

In addition, SunTrust was not able to get the full story behind United Guaranty's apparent document destruction as Ms. Gavin was prevented by counsel for United Guaranty from answering certain questions regarding the destruction of her ESI on the basis of attorney-client privilege. See, e.g., Gavin Depo. at pp. 91, 93-94.

SunTrust has also identified a number of other e-mails that should be in Ms. Gavin's custodial files, but which have apparently been destroyed. Some of the e-mails have been located in another United Guaranty witness's files. At least one e-mail is missing completely from United Guaranty's production. Several of the missing e-mails are detrimental to United Guaranty's case. In fact, one e-mail authored by Ms. Gavin (the one that is missing entirely from United Guaranty's ESI or hard copy files) totally undercuts the arguments that United Guaranty has been urging upon this Court as a basis to deny insurance coverage and to accuse SunTrust of wrongdoing.

In light of Ms. Gavin's deposition testimony and other information reviewed by SunTrust, counsel for SunTrust sent a letter to United Guaranty's counsel on August 31, 2010 seeking further information concerning the apparent spoliation of Ms. Gavin's ESI and asking that steps be taken to preserve possible sources to recover the missing ESI. A copy of that letter is attached hereto as Exhibit 2.

SunTrust's counsel specifically requested that United Guaranty provide several categories of information relating to the missing ESI, including the following:

- Whether a forensic image of Ms. Gavin's computer(s) and ESI was ever created prior to her termination of employment in July 2008.

- Whether an image or copy of any computer used by Ms. Gavin was created.

- Whether any computers used by Ms. Gavin prior to her termination of employment in July 2008 are still in United Guaranty's possession, custody or control, and whether Ms. Gavin has had access (at any time since her return to United Guaranty after her original termination) to the same computer that she had upon the date of termination in July 2008, or any other computer used by her prior to her termination in July 2008.

- Whether a copy or image of Ms. Gavin's computer has been created since her return to employment at United Guaranty in 2009.

- Whether there are any other situations involving the destruction or loss of the custodial ESI of any other present or former employees of United Guaranty who are identified in United Guaranty's Rule 26 disclosures.

Counsel for SunTrust asked that United Guaranty provide the foregoing information by September 2, 2010. United Guaranty has still not responded to SunTrust's request, and discovery closes at the end of September.

## ARGUMENT

Given United Guaranty's arguments in this action, it is beyond doubt that Ms. Gavin is a material witness. According to United Guaranty, she purportedly entered into an oral agreement to amend the terms of the insurance contract that govern United Guaranty's coverage obligations to utilize so-called "custom guidelines" in the form of spreadsheet "matrices" she prepared and sent to SunTrust. Importantly, the missing ESI covers the critical period starting in November 2004 and continuing into 2005, during which time Ms. Gavin purportedly made and implemented the alleged oral agreement with Ms. Pettitt and Christine Stumbo regarding the purpose and use of the matrices.

Despite the importance of Ms. Gavin's testimony to support United Guaranty's case, apparently neither United Guaranty nor its counsel issued to Ms. Gavin litigation hold instructions. In addition, apparently no one informed Ms. Gavin about the need to preserve information in 2007, 2008, 2009, or even this year. Gavin Depo. at pp. 92-93. Furthermore, according to Ms. Gavin's deposition testimony, United Guaranty's in-house counsel was informed of the missing ESI no later than October 2009 (Id. at 90-91), but this situation has never been reported to the Court and was not voluntarily revealed to SunTrust, with SunTrust only learning of the fact – and extent – of the missing ESI when it recently deposed Ms. Gavin.

It should also be noted that this Court granted a prior Motion to Compel by SunTrust back in December 2009. See Exhibit 3 hereto. In subsequent hearings at which United Guaranty's compliance with this Order was questioned, United Guaranty affirmatively represented to the Court and SunTrust that it was full in compliance with the Court's Order, but these recent events prove such was not the case.

As this Court is well-aware, a party to litigation must take steps to preserve potentially relevant ESI and hard copy documents "when a party reasonably should know that the evidence may be relevant to anticipated litigation." Silvestri v. General Motors Corp., 271 F.3d 583, 591 (4th Cir. 2001). The duty to preserve material evidence extends to notice of potential litigation as well as actual litigation for a simple reason: without such a duty, "any person could shred documents to their heart's content before suit is brought without fear of sanction." Samsung Electronics Co., Ltd. v. Rambus, Inc., 439 F. Supp.2d 524, 541 (E.D. Va. 2006).

Considering the critical nature of Ms. Gavin's documents to United Guaranty's supposed "justification" for denying coverage, it is extremely troubling that: (1) a substantial amount of information during the relevant time frame is nowhere to be found in Ms. Gavin's custodial files;

(2) one e-mail which is detrimental to United Guaranty's whole case is missing entirely from United Guaranty's production; and (3) United Guaranty has still failed to provide any answers about the missing ESI or any assurances that steps are being taken to preserve potential sources for recovery of the missing ESI.

Moreover, the information SunTrust has requested from United Guaranty regarding the missing ESI is necessary to determine the nature and extent of United Guaranty's apparent spoliation. Such information will also assist SunTrust in determining what additional discovery on the question of spoliation is necessary, whether an extension of the discovery cutoff is necessary to permit SunTrust to fully develop the facts surrounding this apparent spoliation, and whether sanctions for the spoliation should be sought.

## CONCLUSION

Wherefore, SunTrust respectfully requests that the Court order United Guaranty to (1) immediately produce the missing ESI from Ms. Gavin's custodial files responsive to SunTrust's document requests and provide a comprehensive explanation why that missing ESI has not been produced to date, and/or (2) immediately provide the information requested in counsel's letter attached hereto as Exhibit 2. As the discovery cut-off is rapidly approaching, SunTrust may request from the Court relief from that date to the extent needed to resolve the issues presented in this motion.

Respectfully submitted,

SUNTRUST MORTGAGE, INC.

By Counsel

- 7 -

/s/ S. Miles Dumville
S. Miles Dumville (VSB No. 15748)
Curtis G. Manchester (VSB No. 32696)
Travis A. Sabalewski (VSB No. 47368)
Reed Smith LLP
Riverfront Plaza - West Tower
901 East Byrd Street, Suite 1700
Richmond, VA 23219-4068
Telephone: (804) 344-3400
Facsimile: (804) 344-3410
mdumville@reedsmith.com
cmanchester@reedsmith.com
tsabalewski@reedsmith.com

Matthew R. Sheldon (VSB No. 41892)
Richard D. Holzheimer, Jr. (VSB No. 40803)
Reed Smith LLP
3110 Fairview Park Drive, Suite 1400
Falls Church, VA 22042
Telephone: (703) 641-4200
Facsimile: (703) 641-4340
msheldon@reedsmith.com
rholzheimer@reedsmith.com

Matthew J. Schlesinger, admitted pro hac vice
Elizabeth A. Reidy, admitted pro hac vice
Reed Smith LLP
1301 K. Street, N.W., Suite 1100
East Tower
Washington, D.C. 20005-3317
Telephone: (202) 414-9200
Facsimile: (202) 414-9299
mschlesinger@reedsmith.com
ereidy@reedsmith.com

    Counsel for SunTrust Mortgage, Inc.

- 8 -

Joshua Gold
Edward Joseph Stein
Anderson, Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 278-1000
Facsimile: (212) 278-1733
jgold@andersonkill.com
estein@andersonkill.com

    Of Counsel for SunTrust Mortgage, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of September, 2010, a true and correct copy of the foregoing was served through CM/ECF on the following:

>Wyatt B. Durrette, Jr., Esquire
>Durrette Bradshaw PLC
>Bank of America Center
>1111 East Main Street, 16th Floor
>Richmond, VA 23219
>wdurrette@durrettebradshaw.com
>
>John C. Millian, Esquire
>Christyne K. Brennan, Esquire
>Brian C. Baldrate, Esquire
>Gibson, Dunn & Crutcher LLP
>1050 Connecticut Avenue, N.W.
>Washington, DC 20036-5306
>cbrennan@gibsondunn.com
>jmillian@gibsondunn.com
>bbaldrate@gibsondunn.com
>
>Randy M. Mastro, Esquire
>Gibson, Dunn & Crutcher, LLP
>200 Park Avenue
>New York, NY 10166-0193
>rmastro@gibsondunn.com
>>Counsel for United Guaranty Residential
>>Insurance Company of North Carolina
>
>William J. Dinkin, Esquire
>Dinkin & Purnell, PLLC
>One E. Cary St., Suite 201
>Richmond, VA 23219
>wjdinkin@dinkinandpurnell.com
>>Counsel for Mary Pettitt
>
>Cullen D. Seltzer, Esquire
>SeltzerGreene, PLC
>707 East Main Street, Suite 1025
>Richmond, VA 23219
>cseltzer@seltzergreene.com
>>Counsel for Mary Pettitt

/s/ S. Miles Dumville
S. Miles Dumville (VSB No. 15748)
Curtis G. Manchester (VSB No. 32696)
Travis A. Sabalewski (VSB No. 47368)
Reed Smith LLP
Riverfront Plaza - West Tower
901 East Byrd Street, Suite 1700
Richmond, VA 23219-4068
Telephone: (804) 344-3400
Facsimile: (804) 344-3410
mdumville@reedsmith.com
cmanchester@reedsmith.com
tsabalewski@reedsmith.com

Matthew R. Sheldon (VSB No. 41892)
Richard D. Holzheimer, Jr. (VSB No. 40803)
Reed Smith LLP
3110 Fairview Park Drive, Suite 1400
Falls Church, VA 22042
Telephone: (703) 641-4200
Facsimile: (703) 641-4340
msheldon@reedsmith.com
rholzheimer@reedsmith.com

Matthew J. Schlesinger, admitted pro hac vice
Elizabeth A. Reidy, admitted pro hac vice
Reed Smith LLP
1301 K. Street, N.W., Suite 1100
East Tower
Washington, D.C. 20005-3317
Telephone: (202) 414-9200
Facsimile: (202) 414-9299
mschlesinger@reedsmith.com
ereidy@reedsmith.com

Counsel for SunTrust Mortgage, Inc.

Joshua Gold
Edward Joseph Stein
Anderson, Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 278-1000
Facsimile: (212) 278-1733
jgold@andersonkill.com
estein@andersonkill.com

Of Counsel for SunTrust Mortgage, Inc.