**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

SUNTRUST MORTGAGE, INC.,

             Plaintiff,

    v.

UNITED GUARANTY RESIDENTIAL
INSURANCE COMPANY OF NORTH
CAROLINA,

             Defendant.

Civil Action No. 3:09cv00529

### DECLARATION OF JOHN C. MILLIAN

John C. Millian declares and states as follows:

1.       I am a litigation partner in the Washington, D.C. office of Gibson, Dunn & Crutcher LLP ("Gibson Dunn" or the "Firm").  I make this Declaration in support of the Motion for an Award of Attorneys' Fees and Expenses ("the UG Fee Motion") submitted by United Guaranty Residential Insurance Company of North Carolina ("United Guaranty").  I have personal knowledge of the information set forth herein based upon my direct involvement in the matters at issue and upon my review of the documents referenced below.

Summary of Work Undertaken in Connection with Sanctions Motion

2.       Attached hereto as Exhibit A is a Summary Chronology of Work Undertaken in Connection with United Guaranty's Motion for Sanctions and Related Matters (the "Sanctions Chronology").  The Sanctions Chronology describes, in summary form, the work undertaken by Gibson Dunn and its co-counsel, DurretteCrump LLP ("DurretteCrump"), from the date on

which the altered nature of the February 22, 2008 email became known to United Guaranty's counsel (December 11, 2009) to the date of the Court's Order granting in part and denying in part United Guaranty's Motion for Sanctions (March 29, 2011).  I have personally prepared the Sanctions Chronology based upon (a) the docket and pleadings in this action; (b) the billing records of Gibson Dunn and DurretteCrump; and (c) my own personal knowledge regarding this matter.  As described in paragraphs 3 and 4, below, detailed information regarding the work undertaken in connection with United Guaranty's Motion for Sanctions ("Sanctions Work") is also submitted herewith.

3.      Attached hereto as <u>Exhibit B</u> is a copy of the docket sheet for this matter, with filings, orders and other entries related to Sanctions Work highlighted.  As indicated, over 170 entries on the docket sheet are associated with the Sanctions Motion and related motions, discovery proceedings, evidentiary hearings, and briefing.

<u>Fees and Expenses Incurred By United Guaranty in Connection with Sanctions Motion</u>

4.      Attached hereto as <u>Exhibit C</u> is a true and correct excerpt from Gibson Dunn's billing records reflecting the time expended by Gibson Dunn timekeepers (attorneys, paralegals, and litigation support specialists) in connection with Sanctions Work, and the resulting hourly-based fees charged to United Guaranty.  As indicated on Exhibit B, the vast majority of the time entries that relate solely to this work.  With respect to time entries that contain a mix of Sanctions Work and other work on the case, I have made a conservative allocation of the time reflected in those entries to ensure that the total time "charged" to Sanctions Work is clearly less than the actual time incurred on such work with respect to the mixed entries as a whole.  This allocation is based upon the time entries themselves and upon my personal experience with the case.

5.     Attached hereto as <u>Exhibit D</u> is a summary of timekeepers and total fees associated with Sanctions Work by Gibson Dunn attorneys.  (The total hours given are not an exact match with Exhibit C due to the deletion of certain timekeepers with only a few hours on this work).

6.     Attached hereto as <u>Exhibit E</u> is a true and correct excerpt from Gibson Dunn's billing records reflecting expenses that can clearly be traced to Sanctions Work.  Because many cost entries are difficult to trace to particular work, the total costs "charged" to Sanctions Work clearly understands the total costs actually incurred in connection with such work.

7.     Attached hereto as <u>Exhibit F</u> is a printout of fees incurred by attorneys at the DurretteCrump law firm on Sanctions Work, provided to our firm by Mr. Durrette.

8.     Attached hereto as <u>Exhibit G</u> are documents reflecting expenses billed directly to United Guaranty that have clearly been incurred in connection with the Sanctions Work.  These expenses include forensic work by KPMG, and litigation support by FTI Consulting.  Again, because the costs paid directly by United Guaranty are in some instances difficult to trace to particular work, the total directly-paid costs that are "charged" to Sanctions Work clearly understands the total directly-paid costs actually incurred in connection with such work.  For example, United Guaranty has paid several million dollars for temporary attorneys who engaged in document review and provided other assistance on the case.  These temporary attorneys spent a considerable amount of time on Sanctions Work, but since their time was not recorded with descriptions of the work performed these costs have not been included.

9.     Attached hereto as <u>Exhibit H</u> is a summary of all fees and expenses that can clearly be identified as having been incurred in connection with the Sanctions Work.

<u>Timekeepers and Billing Rates</u>

10.     Attached hereto as <u>Exhibit I</u> are biographies of the partners and senior associates from Gibson Dunn who performed Sanctions Work for which compensation is being sought. Biographies are not included for more junior attorneys and support staff.

11.     Attached hereto as <u>Exhibit J</u> are biographies of the attorneys at DurretteCrump who performed Sanctions Work for which compensation is being sought.

12.     The hourly rates charged by Gibson Dunn to United Guaranty set forth on <u>Exhibit D</u> were the subject of negotiation between Gibson Dunn and United Guaranty, and are discounted from Gibson Dunn's standard rates due to the size of this matter.  In addition, Gibson Dunn has provided United Guaranty with a 2% prompt pay discount on fees.  The billing rates set forth on <u>Exhibit D</u> were charged to United Guaranty for all work on this matter during the same time period, including but not limited to Sanctions Work.  Fees in accordance with the same schedule were also charged to United Guaranty's parent company, AIG, on another matter handled by our firm.

13.     Attached hereto as <u>Exhibit K</u> is a true and correct copy of the 2010 *National Law Journal* Billing Survey.

14.     Attached hereto as <u>Exhibit L</u> is a true and correct copy of relevant excerpts from the Westlaw CourtExpress Legal Billing Reports dated May 2010, showing billing rates based on court filings for (a) California; (b) the District of Columbia; (c) New York; and (d) the Southeast.

15.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed electronically on May 17, 2011.

*John C. Millian*
_____

John C. Millian

101078115.1