# EXHIBIT A

**To Millian Declaration**

## Summary Chronology of Work Undertaken In Connection with Sanctions Motion and Related Matters

**SUMMARY CHRONOLOGY OF WORK UNDERTAKEN BY UG'S COUNSEL IN CONNECTION WITH DISCOVERY OF FRAUDULENT EMAILS AND UNITED GUARANTY'S RESULTING MOTION FOR SANCTIONS**

| Date(s) | Description of Principal Activities |
|---|---|
| 12/11/09 | In response to a request by UG's counsel for the "February 2008" email referenced in ST's Amended Complaint filed 11/24/09, ST's outside counsel submits a fraudulent version of a genuine 2/22/09 email exchange between Mary Pettitt of ST and Pam Gavin of UG. The same day UG's counsel identifies a discrepancy between the document received from ST and another version of the same email obtained from UG's files, and initiates an inquiry seeking to determine the cause of the discrepancy. |
| 12/11/09-12/28/09 | Inquiry conducted to determine whether UG's or ST's version of the 2/22/08 email is genuine; consideration of options given evidence that ST has provided UG with doctored evidence; legal and factual research regarding same; preparation of Motion for Emergency Relief. |
| 12/29/09 | Motion for Emergency Relief finalized and filed, together with Motion for Expedited Consideration. Court holds hearing, grants expedited discovery regarding alteration of emails. |
| 12/30/09-1/8/10 | Communications with ST counsel regarding compliance with Court's order directing expedited discovery; expedited review of UG electronic files regarding 2/22/08 email; review of ST files regarding same; preparation for Status Conference |
| 1/8/10 | Status Conference regarding discovery as to altered emails. ST's counsel makes misstatements to Court regarding reason that Pettitt's hard drive was imaged in 1/09, purported fact that ST had no reason to believe "anything was amiss" with documents provided by Pettitt. |
| 1/8/10-2/3/10 | Negotiations between counsel regarding protocols for searching Pettitt's hard drive and regarding ST's request for additional time to produce documents in response to Court's 12/29 order. Telephone hearing with the Court regarding same. Negotiations between counsel and document review regarding ST's privilege log addressing the 2/22/08 email. UG reviews ST's initial document productions. Initial legal research is conducted regarding spoliation law. ST provides its interrogatory answer regarding the 2/22/08 email. UG conducts electronic document and metadata analysis regarding that email. Reviews are conducted of UG records that may related to the doctored email. Preparations undertaken for initial depositions, including Pettitt deposition. On 2/3/10, ST files "Response" to Motion for Emergency Relief, setting forth purported |

| Date(s) | Description of Principal Activities |
|---|---|
| | explanation of what occurred with Pettitt's alteration of documents and revealing the existence of two additional fraudulent emails prepared by Pettitt. ST's filing includes false statements regarding Pettitt's availability to be questioned during the second half of 2008, and regarding the purported "plausible explanation" she provided when finally interviewed in March 2009. |
| 2/3/10-2/12/10 | Factual research and analysis undertaken in light of revelations in ST filing. Legal research undertaken in support of potential motion to compel production of documents withheld on privilege grounds. Analysis of ST privilege logs regarding same. Review and discussions among counsel regarding draft protective order prepared by Pettitt's counsel. Preparation for Pettitt deposition. Pettitt files motion to quash her deposition, together with separate motion for protective order seeking to compel ST to provide Pettitt with relevant documents. UG files opposition to motion to quash and to motion for protective order. ST files motion for protective order seeking to preclude Pettitt from disclosing attorney-client communications. Court holds telephone hearing, orders Pettitt's deposition to proceed. Deposition of Mary Pettitt (day 1) taken on 2/12/10. |
| 2/12/10-2/17/10 | Factual and legal research on anticipated motion to compel production of documents withheld by ST on privilege grounds. Preparation for Clack and Thurman depositions, including document review. Deposition of Joann Clack, Pettitt's boss (day 1) taken 2/16/10. ST files motion for protective order seeking to bar disclosure of attorney-client communications relating to the fraudulent emails. Deposition of ST in-house counsel Susan Thurman (day 1), taken 2/17/10. Both Clack and Thurman refuse to answer numerous questions on privilege grounds. |
| 2/17/10-2/22/10 | Extensive legal research regarding whether attorney-client privilege protects documents and testimony regarding the fraudulent emails withheld by ST. Preparation of response to ST's motion for protective order. Work on factual data regarding fraudulent emails, including deposition testimony to date and documents. Preparation and filing of Opposition to ST Motion for Protective Order and UG Motion to Compel Production of Documents relating to the fraudulent emails that ST has withheld on grounds of the attorney-client privilege and work product doctrine. UG's motion asserts that these documents must be disclosed both because (a) ST has waived the privilege by virtue of prior partial disclosures, and (b) the crime-fraud exception applies. UG also files its response to ST's related Motion for Protective Order. |
| 2/22/10-3/12/10 | Further factual research, including review of documents, metadata, preparation of timeline, analysis of ST privilege logs. Legal research on |

| Date(s) | Description of Principal Activities |
|---|---|
| | spoliation and sanctions law. Telephone conference with Court regarding sanctions motion. Analyze ST reply brief in support of its Motion for Protective Order. Revise previously-filed motion to dismiss and answer to address revisions to ST's amended complaint made in response to Court order to revise complaint to delete references to fraudulent 2/22/08 email. Preparation for Gavin deposition. Deposition of Pam Gavin (day 1), taken by ST in connection with the 2/22/08 email. [ST later took its "regular" deposition of Gavin.] |
| 3/12/10-3/29/10 | Further factual research. Legal research on implications of Pettitt taking Fifth Amendment. Follow-up to Gavin deposition, including factual research and correspondence with ST's counsel. Preparation of Reply in support of UG Motion to Compel Production of Documents Withheld as Privileged. Preparation for hearing on motion to compel. Hearing on motion to compel held 3/26/10. Court grants UG's motion, agreeing with UG both that ST has waived the privilege and that the crime-fraud exception applies. ST is ordered to produce documents withheld on privilege grounds, and its witnesses are ordered to answer questions that they previously refused to answer on privilege grounds. |
| 3/30/10-4/20/10 | Respond to ST arguments that Court did not "rule" on motion to compel; legal research for sanctions motion. |
| 4/21/10-5/18/10 | Obtain and review documents from ST in rolling productions in response to Court's ruling on motion to compel. Factual research regarding same, including metadata review. Analyze ST expanded privilege log regarding fraudulent emails. Communicate with ST's counsel regarding deficiencies in ST production. Work on spoliation chronology and other related materials. |
| 5/19/10-5/25/10 | Preparations for second round of depositions with benefit of documents obtained through motion to compel. Deposition of ST in-house counsel Deborah Lee Hovatter taken 5/25/10. |
| 5/26/10-6/3/10 | Further preparation for depositions. Argue for and obtain reconfirmation, over ST objection, that Court has ordered production of Thurman handwritten notes evidencing that ST understood Pettitt's admission that Gavin matrices reflected agreed upon guidelines would defeat SunTrust's coverage claim on IOF Combo 100 Loans. Deposition of ST in-house counsel Susan Thurman (day 2) taken 6/2/10. Deposition of Joann Clack, Pettitt's boss (day 2) taken 6/3/10. |
| 6/4/10-6/28/10 | Preparation of outline for sanctions motion. Begin drafting sanctions motion. Further preparation for depositions. Review production of documents from ST outside counsel Gold, including "file memo" |

| Date(s) | Description of Principal Activities |
|---|---|
| | evidencing conversation in which ST Bank general counsel instructs not to confront Mary Pettitt for fear it will hurt ST's case. Deposition of Joshua Gold taken on 6/28/10. |
| 6/29/10-7/7/10 | Legal research in support of sanctions motion, including ethics rules for inside and outside counsel. Prepare for additional depositions on spoliation issue. Further factual research, including identification of potential additional fraudulent documents. Deposition of ST chief executive officer Sterling Edmunds taken on 7/6/10. Deposition of Mary Pettitt (day 2) taken on 7/7/10. |
| 7/8/10-7/29/10 | Legal research and drafting work on sanctions motion. Further factual research and identification of additional fraudulent documents not disclosed by SunTrust. Notice and prepare for deposition of ST outside counsel Miles Dumville. Deposition of Miles Dumville taken on 7/29/10. |
| 7/30/10-8/20/10 | Extensive additional factual and legal research, including work on additional newly-discovered fraudulent documents. Preparation of sanctions motion and supporting declarations and exhibits. Filing of Motion for Leave to file a 48-page memorandum in support of sanctions motion and to file memorandum and supporting materials on the public record, which ST opposes. Court grants UG leave to file 48-page memorandum, but directs that motion and supporting materials be filed under seal. On 8/20/10, UG files Motion for Sanctions, with supporting Memorandum and exhibits. UG's exhibits comprise five volumes that include (a) a declaration from Pam Gavin attaching 26 exhibits; (b) a declaration from KPMG attaching __ exhibits; and (c) 74 additional exhibits, including documents, deposition transcripts, and other materials. |
| 8/21/10-9/3/10 | Briefing on whether Motion for Sanctions should remain under seal. Court grants ST request that UG's Motion for Sanctions remain under seal. (The seal is later lifted by the Court). |
| 9/4/10-9/27/10 | Review ST Opposition to Sanctions Motion served 9/20/10 and filed under seal next day. Preparation of Reply in support of Sanctions Motion. Motion and conference call with Court regarding timing of Reply. Court directs SunTrust to retain new counsel for disposition of the Sanctions Motion. |
| 9/28/10-10/5/10 | Initial work toward anticipated hearing on Sanctions Motion. Prepare for status conference to address proceedings going forward with regard to Motion. At status conference held 10/5/10 the Court determines to hold an evidentiary hearing on the Motion. |
| 10/6/10-10/30/10 | Extensive preparation for evidentiary hearing. The deposition of Ray |

| Date(s) | Description of Principal Activities |
|---|---|
| | Fortin, general counsel of ST parent SunTrust Bank, is taken on 10/18/10. On 10/21/10, UG files Motion for additional expedited discovery, which ST opposes. On 10/25/10, the Court holds a telephone hearing and grants additional discovery to be conducted in advance of the evidentiary hearing. Deposition of Gold's partner, Mark Garbowski, taken on 10/28/10, and further deposition of ST in-house lawyer Susan Thurman also taken the same day. The parties negotiate and file a stipulation and proposed order concerning admissibility of evidence for use at the evidentiary hearing. The Court enters an order denying ST's request to have its "confidential documents" remain under seal, and directs the parties to re-file their submissions regarding the Sanctions Motion on the public record. |
| 11/1/10-11/3/10 | Court holds three-day evidentiary hearing on the Sanctions Motion. UG calls as adverse witnesses former ST in-house attorney Joann Clack; in-house attorney Susan Thurman; Pettitt's boss Deborah Hovatter; ST outside counsel Joshua Gold; ST Bank general counsel Ray Fortin; and ST outside counsel Miles Dumville. The Court hears extensive argument on the third day of the hearing. |
| 11/4/10-12/8/10 | Per Court's 11/5/10 order, preparation and filing on 11/22/10 of (a) a 30-page Memorandum Respecting ST's Fraud on the Court and Abuse of the Judicial Process Through Its Assertion of Its Fraud Claims; and (b) a 30-page Memorandum Respecting the Legal Standards for the Imposition of Sanctions Against ST. Twenty additional exhibits are submitted with these memoranda. ST also files two lengthy memoranda on these topics. Per the same order, preparation and filing of lengthy reply memoranda on the same topics on 12/3/10. Preparation for further oral argument on Sanctions Motion. On 12/8/10, the Court holds a second, nearly full day of oral argument on the Sanctions Motion. |
| 12/16/10-1/31/10 | Per Court's 12/16/10 order, preparation and filing on 1/7/11 of a Memorandum in support of the admission of the testimony of Joshua Gold and Miles Dumville. Per the same order, preparation and filing on 1/31/11 of a Reply on the same topic. |

101078111.1